UNITED STATES v. PARAMOUNT BEAD CORP.

**No. 4682.**—Invoices dated Gablonz, Czechoslovakia, May 23, 1936, etc.
Entered at New York June 5, 1936, etc.
Entry No. 850184, etc.

Second Division, Appellate Term

(Decided November 21, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.
*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the appellee.

TILSON, Judge: The merchandise in this case consists of so-called pull chains which the record shows to be glass articles used to attach to lighting apparatus, with a luminous bead at the end of the string so it could be located in the dark. In reappraisement 114056–A the merchandise was invoiced and entered at certain prices per dozen, on the basis of export value, and was appraised at certain values per dozen, representing an advance in value, on the basis of United States value. In all the other cases so-called duress entries were made, the importer adding an amount in each instance to meet advances by the appraiser in reappraisement 114056–A, and in each of said cases the merchandise was appraised as entered.

The trial court, in its decision and judgment, found that the export values were the proper basis of appraisement and that such values are the invoice values with the exception of items 1399, 1405, and 1438 insofar as they appear in reappraisements other than 114056–A; and that as to those reappraisements the value of item 1399 is 6.50 Cz. cr. per dozen, item 1405, 6.25 Cz. cr. per dozen and item 1438, 6.25 Cz. cr. per dozen, less a discount of 2 per centum, plus cases and packing.

With a view to establishing an export value for the merchandise, the plaintiff, at the trial, offered and there was received in evidence Exhibits 2, 3 and 4. Exhibit 4 is in strict affidavit form, but Exhibits 2 and 3 are affirmations, apparently not made under oath. To the admission of these latter exhibits counsel for the Government objected on the ground—

they contain no probative value, and they do not properly set forth in affidavit form the facts which should be established under the appropriate section of the tariff act, and on the further ground the papers are mere affirmations, and not under oath.

Exhibit 3 reads as follows:

The undersigned herewith affirms in lieu of an oath that the *Pullchains No. 895, 897, 951 supplied to the firm of Ed. Krause, Gablonz,* are not reserved for the Paramount Bead Corporation, 209 West 38th Street, New York; that the said firm has paid neither for the forms nor for the dies for the same and therefore they are not the ideas of the said firm and I, as manufacturer of the aforementioned articles, am at all times willing to sell to any customer whether to the United States, Great Britain, France or to any other country, any quantity of these articles at the same prices as those charged to the Paramount Bead Corporation. Signed: Wilhelm Schuster.

In accordance with the Certification Register, Mr. Wilhelm Schuster, of Unter Maxdorf 134, who has been duly identified to the Court, has signed this document before the Court.

The Office of the Clerk of the District Court Gablonz a. N., April 3, 1937. Signed: Sielt. Stamp reading: District Court Gablonz a. N.

Exhibit 2 is the same as Exhibit 3 set out above, except it is made by a different person and covers different item numbers of the merchandise.

The trial court overruled the objections to the admission of these exhibits, to which ruling counsel duly excepted, and now assigns the same as error before us.

It is true that section 501 of the Tariff Act of 1930, providing for the receipt of evidence in the form of affidavits in reappraisement cases, makes no specific mention of "affirmations," but in the use of the word "affidavit" in said section, the Congress was undoubtedly familiar with the definition of an affidavit as given in Bouvier's Law Dictionary, as follows:

A statement or declaration reduced to writing and sworn or affirmed to before some officer who has authority to administer an oath or affirmation.

The same authority defines "affirmation" as follows:

A solemn religious asseveration in the nature of an oath.

Counsel for appellant frankly stated that he made no contention that these exhibits were not affirmed before an officer. It is our understanding that it has always been the practice in the United States to permit a person to affirm the truth of a statement in lieu of making an oath to the truth of the statement. We find no error in the action of the trial court, and in this respect its ruling is affirmed.

The affidavits of Wilhelm Schuster and Artur Stracke, together with the testimony of the two witnesses offered by appellee and the other evidence in the record amply support the decision and judgment of the trial court.

We therefore find as matter of fact:

That the merchandise consists of so-called pull chains imported from Czechoslovakia.

That on or about the dates of exportation thereof there was an export value for such or similar merchandise and that value was the value found by the trial court.

We therefore conclude, as matter of law, that the proper basis of appraisement is the export value, and that such values are the invoice values, with the exception of items 1399, 1405, and 1438 insofar as they appear in reappraisements other than 114056–A, and that as to those reappraisements the value of item 1399 is 6.50 Cz. cr. per dozen, item 1405, 6.25 Cz. cr. per dozen, and item 1438, 6.25 Cz. cr. per dozen, less a discount of 2 per centum, plus cases and packing.

The judgment of the trial court is affirmed. Judgment will be rendered accordingly.