(R.D. 11711)

Rattancraft of California
Harper, Robinson & Co. } *v.* United States

Entry No. 206736.

(Decided June 11, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the defendant.

FORD, Judge: This case presents to the court the propriety of including certain inland charges in the dutiable value of certain bamboo fencing. The merchandise was appraised on the basis of export value as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. The parties have stipulated that the merchandise is not contained on the final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521. The appraisement was made at the invoiced unit values, plus certain items marked "X". Plaintiffs agree with the basis of appraisement, export value, and with the value, except the addition of the inland charges and shipping charges.

The record consists of the oral testimony of the president of the importing company and an affidavit of the managing director of the manufacturer. In addition, defendant offered the testimony of James A. Guthrie, who is employed by the Bank of America in the International Department, and documentary exhibits consisting of a letter of the importer to the customs examiner, defendant's exhibit A, various papers relating to a letter of credit issued by plaintiff to the manufacturer, collective exhibit B, as well as an application for a letter of credit received as defendant's exhibit B–1.

The affidavit insofar as is pertinent herein, reads as follows:

That in all instances when selling bamboo fencing and blinds for exportation to the United States my company makes delivery to the buyer or the buyer's agent at my firm's factory. Any charges to get this merchandise on board a vessel for transportation to the United States such as cartage, shipping charges, inland freight, insurance and storage are paid for by the buyer or the buyer's agent.

That my company offers and sells the merchandise it makes to anybody who cares to buy without any restrictions. However my firm only offers and sells at ex-factory prices as my firm only makes sales for delivery at the factory. There is no agreement,

written or oral, existing which would limit my firm to only offering and selling bamboo fencing and blinds to Rattancraft of California.

Mr. David L. More, the president of Rattancraft of California, testified that he has been to Taiwan on four occasions and had seen the plant of the manufacturer involved in the instant importation. Merchandise from this manufacturer is always bought ex-factory. Very often, the witness states, the factory does not have anyone who can handle the details required for export so his buying agent takes care of this. The letter of credit included all payments for the goods, ocean freight, inland freight, buying commission and all charges.

Mr. James A. Guthrie of the International Department of the Bank of America, produced the various documents relating to the letter of credit covering the involved merchandise which were received in evidence.

Mr. More was recalled by plaintiffs in rebuttal and testified that letters of credit are always issued to his agent and not the manufacturer. He could not recall why the letter of credit in this case was issued to the manufacturer unless the agent asked him to do so. The reason the letter of credit is issued to the agent is for the purpose of keeping control of the shipment all the way from factory to the United States.

An appraisement made on the basis of first cost, plus additional enumerated charges, is considered as being separable. In the instant case, the appraisement was made on the basis of invoiced unit values, plus items marked "X". The only contested items herein are the inland charges and shipping charges. A party challenging a separable appraisement may reply upon the presumption of correctness attaching to all portions of the appraisement not challenged. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371 (1947) ; *United States* v. *Chadwick-Miller Importers, Inc., et al.*, 54 CCPA 93, C.A.D. 914 (1967).

Plaintiffs accordingly rely upon the presumption of correctness attaching to the invoiced value and the packing charges, and claim this to be the proper dutiable value. In order for plaintiffs to prevail, they must establish the availability of the merchandise at an ex-factory price to all who wish to purchase. The record herein establishes to my satisfaction that sales by this manufacturer are made only at the factory. Therefore inland freight charges and shipping charges from the factory to the railroad are not properly part of the dutiable value. *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71 (1957).

The court is cognizant of the fact that in this instance the letter of credit was made out to the manufacturer. The manner of payment

of the letter of credit or the firm to whom it is payable does not establish the manner of sale. The evidence stands unrebutted that merchandise manufactured by the shipper involved is sold only at the factory.

I therefore find:

1. The merchandise covered by this appeal for a reappraisement consists of bamboo fencing exported from Taiwan on or about June 24, 1966.

2. This merchandise is not on the final list promulgated by the Secretary of the Treasury under section 6(a) of the Customs Simplification Act of 1956.

3. Said merchandise was appraised at the invoiced unit values, plus items marked "X", which included packing, shipping charges and inland freight.

4. That the merchandise was freely sold to all purchasers at ex-factory prices which did not include shipping charges and inland freight.

I conclude:

1. Export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value.

2. That such values are the ex-factory prices, plus packing charges as shown on the invoice.

Judgment will be entered accordingly.