(A.R.D. 299)

RATTANCRAFT OF CALIFORNIA
UNITED STATES *v.* HARPER, ROBINSON & CO.

Third Division, Appellate Term

(Decided January 26, 1972)

*L. Patrick Gray, III*, Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the appellant.

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the appellee.

Before RICHARDSON, LANDIS, and MALETZ, Judges

LANDIS, Judge: This is an application to review decision and judgment sustaining claim that, on export value basis as defined in section 402(b) of the Tariff Act of 1930, as amended,[1] 19 U.S.C.A., section 1401a, the ex-factory unit prices, plus packing charges, as invoiced,

---

[1] Export value is defined as follows :

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

represent the values of bamboo fencing exported from Taiwan on June 23, 1966. *Rattancraft of California et al.* v. *United States*, 64 Cust. Ct. 749, R.D. 11711 (1970).

The judgment was entered in appeal for reappraisement of an appraisement which, on export value basis, *supra*, valued the bamboo fencing at the invoiced ex-factory unit prices, plus items marked "X", designated on the invoices as packing charges, shipping charges, and inland freight.

Appellant, on counts charging error in the admission of an affidavit in evidence (exhibit 1) and findings contrary to the weight of the evidence, alleges that, upon such errors, the facts do not support the decision and judgment. We conclude that the affidavit (exhibit 1) was properly admitted in evidence. Since the evidence substantially supports the facts and judgment below, and there is no probative evidence to the contrary, we affirm.

On trial, it was agreed that the imported bamboo fencing is not on the so-called final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521, and that the proper basis for valuing the fencing was export value, *supra*.

As a "framework of convenience" for analysis of the disputed appraisement, *United States* v. *Bud Berman Sportswear, Inc.*, 55 CCPA 28, 31, C.A.D. 929 (1967), the trial judge preliminarily stated that, as a matter of fact, the appraisement was made on the basis of the invoiced unit values, plus items marked "X", and that the dispute, in reappraisement, did not involve the appraised ex-factory invoice unit values and packing charges but only the added inland charges and shipping charges from factory to port which the appraiser marked "X". Upon those facts the trial judge further stated that, as a matter of law, the appraisement was separable as to the items disputed and the items not disputed; that with respect to the items not disputed appellee (plaintiff below) could rely on the presumption that they were correct, and that in reliance on that presumption, the record need only establish that the imported bamboo fencing was available to all purchasers on an ex-factory basis. *Karl Schroff & Associates, Inc., et al.* v. *United States*, 66 Cust. Ct. 621, A.R.D. 286, 326 F. Supp. 967 (1971). The thrust of the errors charged in this review is appellant's contention that, when the trial judge weighed the evidence and found that as a matter of fact the bamboo fencing was available to all purchasers on ex-factory basis at prices which did not include shipping charges and inland freight, he found contrary to the weight of the evidence.

The record on review consists of the official entry papers; oral testimony of the president of the importing company; an affidavit of the managing director of the manufacturer (exhibit 1); a letter from the importer to the customs examiner (exhibit A), and the testimony

of an employee of the Bank of America identifying various documents in the possession of the bank (collective exhibit B) incident to the importer's application to the bank to establish a letter of credit to pay for the imported bamboo fencing. (Exhibit B–1.)

Appellant would have us reverse the ruling below admitting, over objection, the affidavit (exhibit 1) in evidence. As grounds for reversal, appellant argues that the form of the affidavit (viz: the absence of a caption and the notarization on the left rather than the right side of the page) does not comply with rules (quoted in appellant's brief) "respecting the notarial and related services of officers of the Foreign Service of the United States * * * set forth in the Code of Federal Regulations, 22 CFR Part 92." The statute provides that "in reappraisement proceedings before a single judge of the Customs Court, affidavits * * * of persons whose attendance cannot reasonably be had, * * * may be submitted in evidence." 28 U.S.C.A., section 2633. The right cannot be questioned, *United States* v. *North American Asbestos Corp.*, 48 CCPA 153, 156, C.A.D. 783 (1961). The frequency with which affidavit evidence is relied on in reappraisement proceedings before this court is far too numerous to cite. Appellant's inability to refer us to any case in this court limiting the use of affidavits in evidence to those that comply with the rules respecting notarial services of United States foreign service officers, reinforces our view that the affidavit submitted in evidence need only comply with the generally accepted definition, that an affidavit is a "statement or declaration reduced to writing and sworn or affirmed to before some officer who has authority to administer an oath or affirmation." *United States* v. *Paramount Bead Corp.*, 3 Cust. Ct. 644, 646, Reap. Dec. 4682 (on review 1939). Appellant does not pretend to argue that the affidavit here sworn to before the Vice Consul of the United States at Taipei, Republic of China (exhibit 1) does not meet that definition. We conclude, therefore, that the affidavit was properly admitted in evidence which brings us to appellant's argument that the finding of the court below, that the bamboo fencing was freely sold to all purchasers at ex-factory prices which did not include shipping charges and inland freight, is contrary to the weight of the evidence.

The only evidence of how the manufacturer freely sold the bamboo fencing to all purchasers is the affidavit (exhibit 1) containing statements which the managing director (affiant) swore were true, as follows:

REPUBLIC OF FREE CHINA
CITY OF TAIPEI                                                s.s.
EMBASSY OF THE UNITED STATES OF AMERICA

LEE HSIU-MIE, being duly sworn deposes and says:

That I read, write and understand the English language.

That I have been the managing director of Far East Bambooware Corporation of Taipei, Taiwan since its formation in 1962, and I am in charge of setting the selling policies and pricing the merchandise that my company manufactures. I am therefore personally familiar with the sales practice of my firm and particularly with the sales practice relative to the bamboo fencing and blinds made by my firm such as sold to Rattancraft of California.

That in all instances when selling bamboo fencing and blinds for exportation to the United States my company makes delivery to the buyer or the buyer's agent at my firm's factory. Any charges to get this merchandise on board a vessel for transportation to the United States such as cartage, shipping charges, inland freight, insurance and storage are paid for by the buyer or the buyer's agent.

That my company offers and sells the merchandise it makes to anybody who cares to buy without any restrictions. However my firm only offers and sells at ex-factory prices as my firm only makes sales for delivery at the factory. There is no agreement, written or oral, existing which would limit my firm to only offering and selling bamboo fencing and blinds to Rattancraft of California.

FAR EAST BAMBOOWARE CORPORATION

[signature]

_____

Lee Hsiu-Mie, Managing Director

Sworn to before me
this 19th day of November, 1968.

[signature]

Robert F. Porito
Vice Consul of the United States of America

Mr. David L. More, the president of Rattancraft of California, appellee herein, testified that his firm always purchased the bamboo fencing from the manufacturer, Far East Bambooware Corporation, through a buying agent on ex-factory basis; that the letter of credit, which always issued to the buying agent rather than the manufacturer, covered the price of the fencing, inland charges, ocean freight, buying commission and all other charges, and that this permitted his firm to control shipment of the fencing from the factory to the United States.

Appellant contends that the manufacturer's affidavit (exhibit 1) should be given no evidentiary weight because (1) the statements in the affidavit, sworn to on November 19, 1968, are made in the present tense, and statements in the tense of 1968 are not creditable to establish how the fencing was freely sold in 1966 by a manufacturer who Mr. More testified went out of business on or about September 1966; (2) the statement that the manufacturer "only makes sales for de-

livery at the factory" is decisively contradicted by the evidence of payment for the imported bamboo fencing (collective exhibit B) "which indicates that, *to all appearances* [emphasis added], the very sale in issue was consummated on a C & F Los Angeles basis." The trial judge *disregarded appearances* and weighed that "the manner of payment of the letter of credit or the firm to whom it is payable [the letter of credit covering payment of the imported fencing was drawn in favor of the manufacturer rather than the buying agent] does not establish the manner of sale." There is an area of discretion which a trial judge may exercise in weighing evidence. Assuming that the letter of credit had some probative value, we are not inclined to rule that the trial judge abused that discretion when he, in effect, weighed the evidence to conclude that evidence of the terms of the manufacturer's sales was more probative than the letter of credit in determining the manner of sale.

The affidavit (exhibit 1) has an adequate basis, the facts stated in the affidavit are relevant to the narrow issue of how the bamboo fencing was freely sold, and we can perceive no possible motive of the managing director (affiant) of the defunct manufacturer to deceive in 1968 as to his knowledge of facts in 1966. Cf. *Mannesmann-Meer, Inc.* v. *United States*, 58 CCPA 6, C.A.D. 995 (1970); *Karl Schroff & Associates, Inc., et al.* v. *United States*, 66 Cust. Ct. 621, A.R.D. 286, 326 F. Supp. 967 (1971). In our opinion, the affidavit substantially supports the fact that the manufacturer freely sold bamboo fencing to all purchasers on an ex-factory basis. The letter of credit in payment for this particular importation does not probatively establish the contrary. *Kurt Orban Company, Inc.* v. *United States*, 52 CCPA 20, C.A.D. 851 (1965); *United States* v. *Malhame & Co. et al.*, 39 CCPA 108, 117, C.A.D. 472 (1951). Since we take it that affiant, Lee Hsiu-Mie, when he made the affidavit in Taipei, Formosa, spoke in the vernacular in which he understood the English language, we are not inclined to assess his use of the present tense as critical to the weight of the affidavit or the credibility of the statements made. *Kurt Orban Company, Inc.*, *supra*, at page 22.

Finding no error in the application of the separability rule to the appraisement in hand, *United States* v. *Chadwick-Miller Importers, Inc., et al.*, 54 CCPA 93, C.A.D. 914 (1967), appellant's tortuous argument that the evidence of the price paid for the bamboo fencing, in effect, negates the rule, represents little more than a labored analysis of facts outside the legal framework of the appraisement.

The findings and conclusions of the court below are incorporated herein. The judgment below is affirmed.